IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COOPER ELECTRICAL CONSTRUCTION COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:25-cv-27 ) ) By: Hon. Robert S. Ballou |
| v. | ) United States District Judge ) |
| CARTER BANK & TRUST, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Cooper Electrical Construction Company brings claims for breach of statutory duty under N.C. Gen. Stat. § 25-4-401 and negligence, alleging Defendant Carter Bank & Trust improperly honored a check bearing a forged endorsement. Both claims are barred by the applicable three-year statute of limitations because the alleged wrongful conduct occurred more than three years before this action commenced. I thus **GRANT** Carter Bank's motion to dismiss and **DISMISS** Cooper Electrical's claims with prejudice.

### I. BACKGROUND

Cooper Electrical provides electrical construction services and occasionally engages subcontractors to complete its work. On August 26, 2020, Cooper Electrical subcontracted with Solutionz, Inc. to provide technology integration and support services on a project. Under the agreement, Solutionz submitted periodic payment applications, and Cooper Electrical issued checks to Solutionz's designated mailing address. Solutionz deposited the payment checks from Cooper Electrical on multiple occasions without issue.

In August 2021, Solutionz submitted a payment application to Cooper Electrical for $468,477.15. Cooper Electrical issued check no. 209173 (Dkt. 1-1) for that amount on

September 21, 2021, and mailed it to Solutionz's specified address. Historically, Solutionz endorsed such checks using a typed entity name and identification number. However, check no. 209173 was endorsed with a handwritten signature by an unauthorized individual, without any entity name or identification number.

Despite the improper endorsement, Carter Bank released the funds from Cooper Electrical's account on October 1, 2021. Carter Bank was only authorized to release funds if the check was properly payable.

On January 13, 2022, Solutionz notified Cooper Electrical it had not received the funds associated with check no. 209173. Cooper Electrical's investigation revealed the check had been deposited into an account at a Virginia bank belonging to a Georgia entity, not Solutionz's account. Cooper Electrical notified Carter Bank in or around January 2022, and on February 2, 2022, Carter Bank filed a reimbursement claim with Truist Bank, the depository bank. Cooper Electrical completed an Affidavit of Forgery on May 25, 2022.

On January 10, 2025, Cooper Electrical initiated this action, asserting claims for breach of statutory duty under N.C.G.S. § 25-4-401 and negligence. Carter Bank moved to dismiss on April 7, 2025, arguing the claims were time-barred under the applicable three-year statute of limitations. Cooper Electrical opposes the motion to dismiss.

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for failure to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). In

evaluating a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* (citing *Twombly*, 550 U.S. at 556).

A defendant may properly assert statute of limitations as an affirmative defense in a Rule 12(b)(6) motion. *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013). In such circumstances, dismissal is appropriate when the complaint, on its face, shows the limitations period has expired. *Faircloth v. Nat'l Home Loan Corp.*, 313 F. Supp. 2d 544, 552 (M.D.N.C. 2003), *aff'd sub nom. Faircloth v. Fin. Asset Sec. Corp. Mego Mortg. Homeowner Loan Tr.*, 87 F. App'x 314 (4th Cir. 2004).

### III. DISCUSSION

a. Choice of law

In diversity actions, federal courts apply the choice of law rules of the forum state. *Bardes v. Massachusetts Mut. Life Ins. Co.*, 932 F. Supp. 2d 636, 638 (M.D.N.C. 2013) (citing *Brendle v. Gen. Tire & Rubber Co.,* 408 F.2d 116, 116 (4th Cir. 1969)). Under North Carolina's choice of law rules, North Carolina law governs procedural matters including setting statutes of limitations. *Id*. (citing *Boudreau v. Baughman*, 322 N.C. 331, 340 (1988) and *MedCap Corp. v. Betsy Johnson Health Care Sys., Inc.,* 16 Fed. Appx. 180, 182 (4th Cir. 2001)). Accordingly, North Carolina law controls whether Cooper Electrical's claims are timely.

b. Cooper Electricals' Claim for Breach of Statutory Duty is Untimely

Cooper Electrical claims Carter Bank breached its statutory duty under N.C. Gen Stat. 25-4-401[1] for failure to ensure check no. 209173 was a properly payable instrument prior to

---

[1] *See* N.C. Gen. Stat. Ann. § 25-4-401(a) ("A bank may charge against the account of a customer an item that is properly payable from that account even though the charge creates an overdraft.

3

releasing funds from its account. The Parties agree that, under the Uniform Commercial Code as adopted in North Carolina, "[a]n action to enforce an obligation, duty, or right arising under this article must be commenced within three years after the cause of action accrues." N.C. Gen. Stat. § 25-4-111. However, they dispute when the cause of action accrued. Cooper Electrical contends it began on January 13, 2022, when it discovered the improper disbursement, while Carter Bank maintains it accrued on October 1, 2021, the date the funds were released from Cooper Electrical's account.

The Official Comment to N.C. Gen. Stat. § 25-4-111 states "[t]his section conforms to the period of limitations set by Section 3-118(g) for actions for breach of warranty and to enforce other obligations, duties or rights arising under Article 3." *See* N.C. Gen. Stat. § 25-4-111 cmt. Section 3-118(g) provides:

> "Unless governed by other law regarding claims for indemnity or contribution, an action (i) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this Article and not governed by this section must be commenced within three years after the cause of action accrues."

N.C. Gen. Stat. Ann. § 25-3-118(g).

North Carolina courts have not yet addressed whether the discovery rule applies to actions for breach of statutory duty. Carter Bank contends the statutory duty claim is analogous to a conversion claim under § 25-3-118(g)(i), and that the cause of action therefore accrued on October 1, 2021—the date Carter Bank withdrew the funds from Cooper Electrical's account. Under this interpretation, the three-year statute of limitations would have expired before Cooper Electrical initiated this action in January 2025. In contrast, Cooper Electrical argues the claim

---

An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and bank.")

more closely resembles one for breach of warranty under § 25-3-118(g)(ii), which accrues when Cooper Electrical knew or had reason to know of the breach. Cooper Electrical maintains it first had reason to know of the alleged breach in January 2022, when Solutionz informed it that the funds associated with check no. 209173 had not been received.

In North Carolina, the statute of limitations typically begins to run when a plaintiff suffers an injury. *Taylor v. Bank of Am., N.A.*, 385 N.C. 783, 788 (2024). An exception exists for claims "sounding in fraud", which accrue when the injury is discovered or reasonably should have been discovered through due diligence. *Id.* (internal citations omitted). Here, Cooper Electrical does not allege any fraud or fraudulent concealment by Carter Bank. Moreover, courts in other jurisdictions interpreting provisions like N.C. Gen. Stat. Ann. § 25-3-118(g) have generally held that, absent fraudulent concealment, the discovery rule does not toll the statute of limitations for claims against banks involving the conversion of negotiable instruments, such as fraudulently endorsed checks. *See, e.g., Calex Exp., Inc. v. Bank of Am.*, 401 F. Supp. 2d 407, 411 (M.D. Pa. 2005) (citing *Hollywood v. First Nat'l Bank of Palmerton*, 859 A.2d 472, 482 (Pa. Super. Ct. 2004), and *Menichini v. Grant*, 995 F.2d 1224 (3d Cir. 1993)).[2] Accordingly, Cooper Electrical's breach of statutory duty claim accrued on October 1, 2021, and is now time-barred.

---

[2] *See also Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 622 (Tenn. 2002) (listing cases) (noting that majority of courts hold discovery rule does not toll statute of limitations for conversion of negotiable instruments absent fraudulent concealment by defendant); *New Jersey Lawyers' Fund for Client Protection v. Pace,* 374 *N.J.Super.* 57, 863 *A.*2d 402 (App.Div.2005), *aff'd per curiam,* 186 *N.J.* 123, 892 *A.*2d 661 (2006) (holding that a conversion cause of action involving a negotiable instrument accrues when check is negotiated and amount is debited from drawer's account, not when error is discovered); *Muff v. Wells Fargo Bank NA*, 71 F.4th 1094, 1103 (8th Cir. 2023) (In Iowa, "[c]onversion actions brought to enforce rights relating to forged checks under the UCC generally accrue when the checks are converted.")(citing *Husker News Co. v. Mahaska State Bank*, 460 N.W.2d 476, 476-77 (Iowa 1990*))*; *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 461-62 (D.C. Cir. 1989) ("[T]he injury to the payee in a conversion case manifests itself at the time the wrongful act occurs—that is, when the forger deposits or cashes the check.").

c. Cooper Electrical's Negligence Claim is untimely

Carter Bank also argues Cooper Electrical's negligence claim is time-barred. The Parties agree that a three-year statute of limitations applies, but they again dispute when the limitations period began to run. Carter Bank contends it began on the date the funds were released from Cooper Electrical's account, while Cooper Electrical asserts it began when it discovered the allegedly negligent distribution.

Under North Carolina law, a negligence claim must be filed within three years of accrual, or it is barred by the statute of limitations. *Nirav Ingredients, Inc. v. Wells Fargo Bank, N.A.*, 548 F. Supp. 3d 546, 551 (W.D.N.C. 2021), *aff'd*, No. 21-1893, 2022 WL 3334626 (4th Cir. Aug. 12, 2022) (citing N.C. Gen. Stat. § 1–52). A claim accrues when the negligent act is complete, regardless of when the plaintiff discovers the injury. *Id.* (citing *Birtha v. Stonemor, N.C., LLC*, 220 N.C. App. 286, 727 S.E.2d 1, 7 (2012)); see also *Pearson v. Gardere Wynne Sewell LLP*, 814 F. Supp. 2d 592, 604 (M.D.N.C. 2011).[3]

Here, the negligence claim accrued when the funds were released from Cooper Electrical's bank account on October 1, 2021. Because more than three years elapsed between that date and the filing of this lawsuit in January 2025, the claim is untimely.

IV. CONCLUSION

---

[3] Although not argued here, the Western District of North Carolina has held that when a bank wrongfully pays funds to a third party on a fraudulent endorsement in violation of reasonable commercial standards, the claim is one for conversion under N.C. Gen. Stat. § 25-3-419, not negligence. *First Invs. Corp. v. Citizens Bank, Inc.*, 757 F. Supp. 687, 689 (W.D.N.C. 1991), aff'd, 956 F.2d 263 (4th Cir. 1992) (citing *Cartwood Constr. Co. v. Wachovia Bank & Tr. Co.*, 84 N.C. App. 245, 249, aff'd, 320 N.C. 164 (1987)). However, this does not change the statute of limitations standard. In both cases, the three-year limitation period applies, and accrual occurs at the time of the alleged conversion or negligent act, not upon discovery. *Id.* at 690.

Finding that both the statutory duty and negligence claims accrued on the date Carter Bank released funds from Cooper Electrical's account pursuant to the unauthorized endorsement, Cooper Electrical's claims are time-barred. Accordingly, Carter Bank's motion to dismiss is **GRANTED**, and Cooper Electrical's complaint is **DISMISSED WITH PREJUDICE**.

Entered: December 30, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge